RECEIVED
JAN 03 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO: 13-0038 (03) |
| VERSUS | JUDGE DONALD E. WALTER |
| BRIAN DAVIS | MAGISTRATE JUDGE HORNSBY |

### ORDER

The court is in receipt of a copy of a letter from the Defendant, Brian Davis, to his appointed counsel. [Doc. #136]. The letter contains a statement by Mr. Davis that due to life changing circumstances he is compelled to withdraw his guilty plea. The Government filed an opposition. [Doc. #137]. In an abundance of caution the court will treat the copy of Mr. Davis' letter as a Motion to Withdraw his guilty plea.

On November 4, 2013, the morning trial was set to begin, the court accepted a conditional plea from Mr. Davis pursuant to Federal Rule of Criminal Procedure 11(a)(2). A conditional guilty plea reserves the right of a defendant to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw his plea. In this case, the court accepted Mr. Davis' conditional plea in light of its ruling regarding the admissibility of testimony from the Government's confidential informant, Frederick McDaniel.

Federal Rule of Criminal Procedure 11 provides that a defendant may withdraw a guilty plea after accepted by the court but before the court imposes a sentence if "the defendant can show a fair and just reason for requesting the withdrawal." When considering such a request the court may consider any of the following nonexclusive factors: (1) whether or not the defendant has

asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; (7) whether or not the withdrawal would waste judicial resources; and if applicable, (8) the reasons why defenses advanced later were not proffered at the time of the original pleading. *U.S. v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984).

In light of the factors listed above the court will not allow Mr. Davis to withdraw his guilty plea. It is the finding of this court that Mr. Davis' guilty plea was knowing and voluntary. Mr. Davis has never asserted his innocence. He has had access to his court appointed counsel throughout the proceedings. The government would be prejudiced if the withdrawal were granted because it would have to expend substantial resources to prepare for trial again. Most significantly, however, the court notes that the reason why Mr. Davis wishes to withdraw his plea is the same reason why his counsel moved for his guilty plea to be "conditional" and subject to appellate review. If the Fifth Circuit Court of Appeals disagrees with this court's ruling regarding Mr. McDaniel the defendant will be allowed to withdraw his plea.

Accordingly, Mr. Davis' Motion to Withdraw his guilty plea [Doc. #136] is hereby **DENIED.**

**THUS DONE AND SIGNED**, this 3 day of January, 2014.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE